IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK BRETT, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. SAG-21-1383 |
| DONALD TRUMP, et al., | * | |
| Defendants | * | |

***
**ORDER**

Self-represented plaintiff Frank Brett filed this pro se Complaint with a motion for leave to proceed in forma pauperis. ECF 1, 2. The financial information provided indicates that he is indigent and eligible to proceed in forma pauperis.

Federal Rule of Civil Procedure 8(a) imposes a baseline standard for complaints. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint need not contain detailed allegations, but the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions" as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506. 512 (2002) (internal quotation marks omitted).

The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee.  28 U.S.C. § 1915(a).  To protect against possible abuse of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i),(ii).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009*)* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court "is not bound to accept 'clearly baseless' factual allegations as true."  *Kilgore-Bey v. Rudey*, No. RDB-18-0007, 2018 WL 1135391, at *2 (D. Md. Feb. 28, 2018).  Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"  *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir. 2002); *Denton v. Hernandez,* 504 U.S. 25, 29 (1992)).

The Court also is mindful of its obligation to liberally construe self-represented pleadings, such as the instant Complaint.  *See Erickson v. Pardu*s, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 93 (citing *Twombly*, 550 U.S. at 555-56).  Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . .  It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White*, 886 F.2d 721, 722-23 (4th

Cir. 1989). Even after affording the Complaint a liberal construction, it fails to set forth a plausible claim and is frivolous.

Plaintiff's 10-page Complaint names some 126 defendants, including former President Donald Trump, former Attorney General Jeff Sessions, defendants titled as cousins, the Salvation Army, members of law enforcement in Pennsylvania and Florida, entertainers Stevie Wonder, Reese Witherspoon, and Whoopy Goldberg, federal judges, and members of the clergy, and was filed with 37 pages of handwritten and largely illegible attachments. ECF No. 1; ECF No. 1-1. Brett seeks $3 million from each defendant "because of the longevity of this case," which he filed on June 2, 2021. As a basis for this Court to exercise federal jurisdiction, he lists the "Crime Victims [Rights] Act, 18 U.S.C. § 3777, explaining that victims of federal crimes have the right to be heard in court and alleging that Defendants Don Thompson, Catholic Monsignor Keith O'Hara, Mr. Critterden, and a U.S. Marshal obstructed justice. Brett provides no additional legible or intelligible supporting information. *Id.* at 6. The allegations in the Complaint and attachments, to the extent they are legible, are disjointed and incoherent. A district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Brett also filed self-styled "Motion to Include 3 White Men Marshall's [sic] at Entry Way" (ECF No. 3), which is equally difficult to discern.

Even construing Plaintiff's Complaint liberally, the Court deems it appropriate to dismiss Brett's suit. *See Twombly,* 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325-28 (stating a complaint filed pro se may be dismissed under 28 U.S.C. § 1915 when it includes only "fanciful factual allegation" and lacks "an arguable basis either in law or in fact").

Accordingly, it is this 1st day of July, 2021, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF 2) IS GRANTED;

2. The "Motion to Include 3 White Men Marshalls at Entry Way" IS DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii);

3. The Complaint IS DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii);

4. The Clerk SHALL CLOSE this case; and

5. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

                                       /s/
                           Stephanie A. Gallagher
                           United States District Judge